**JASON D. GUINASSO, ESQ.**
Nevada Bar No. 8478
**GGRM LAW FIRM**
2770 South Maryland Parkway, Suite 100
Las Vegas, Nevada 89109
Telephone : (702) 384-1616
Facsimile : (702) 384-2990
E-mail : jguinasso@ggrmlawfirm.com

*Attorney for Plaintiff*

GGRM LAW FIRM INJURY ATTORNEYS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY BRIAN HEWES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>X-CHAIR, LLC, a Delaware limited liability company also known as X-CHAIR.COM; QUESTERGO, INC., a Michigan corporation doing business as ERGOQUEST; RECLINERWORKS, INC., a Michigan corporation formerly known as ERGOQUEST INCORPORATED; EXEMPLIS, LLC, a California limited liability company; DOES I through XX; inclusive; ROE BUSINESS ENTITIES I – XX,<br><br>Defendants. | Case No.: 2:26-cv-01620-JAD-BNW<br><br>(Removed from the Eighth Judicial District Court, Clark County, Nevada; State Court Case No. A-26-944922-C, Dept. 7)<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS QUESTERGO, INC. AND RECLINEWORKS, INC., AND FOR TOLLING AND PRESERVATION OF CLAIMS**<br><br>District Judge: Hon. Jennifer A. Dorsey<br>Magistrate Judge: Hon. Brenda Weksler<br><br>ECF No. 11 |

**STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS QUESTERGO, INC. AND RECLINEWORKS, INC., AND FOR TOLLING AND PRESERVATION OF CLAIMS**

Plaintiff JEFFREY BRIAN HEWES, Defendants QUESTERGO, INC. and RECLINEWORKS, INC., and Defendant EXEMPLIS, LLC, by and through their respective counsel of record, hereby stipulate and agree as follows.

///

///

GGRM LAW FIRM INJURY ATTORNEYS

## I. RECITALS

A. On November 23, 2024, Plaintiff allegedly sustained injuries when the aluminum backrest bracket of an X-Chair ZZ X4 office chair failed while he was seated in it at his residence in Las Vegas, Clark County, Nevada. Plaintiff thereafter commenced this action in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-26-944922-C. Defendant Exemplis, LLC removed the action to this Court on May 28, 2026.

B. The operative Complaint names, among others, QUESTERGO, INC., a Michigan corporation doing business under the assumed name ErgoQuest ("QuestErgo"), and RECLINEWORKS, INC., a Michigan corporation formerly known as ErgoQuest, Incorporated ("ReclineWorks") (together, the "ErgoQuest Defendants"). The Complaint alleges, upon information and belief, that the ErgoQuest Defendants are affiliated with X-Chair, LLC and participated in the design, manufacture, testing, inspection, marketing, distribution, sale, warranty, or servicing of the subject chair.

C. The ErgoQuest Defendants were served with process on June 5, 2026. By agreement of counsel, their deadline to answer or otherwise respond to the Complaint was extended through and including July 17, 2026.

D. On June 23, 2026, counsel for the ErgoQuest Defendants transmitted to Plaintiff's counsel the executed and notarized Affidavit of Jeffrey John Vanden Bosch, sworn on June 23, 2026 (the "Affidavit"), a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference. Mr. Vanden Bosch attests that he is the founder, sole owner, and president of each of the ErgoQuest Defendants, that he has exercised direct oversight over all material aspects of their operations at all relevant times, and that he possesses personal knowledge of their business relationships, affiliations, customers, suppliers, distributors, manufacturers, licensors, and contractual relationships.

E. The Affidavit states, under penalty of perjury and upon Mr. Vanden Bosch's personal knowledge, that neither of the ErgoQuest Defendants: (i) has ever held any ownership interest in, or been a parent, subsidiary, affiliate, division, alter ego, joint venture partner,

agent, representative, distributor, reseller, licensee, manufacturer, supplier, contractor, or business partner of, X-Chair, LLC or Exemplis, LLC; (ii) has ever sold, distributed, marketed, advertised, imported, manufactured, assembled, serviced, warranted, repaired, tested, inspected, or otherwise participated in the chain of distribution of any X-Chair branded product; (iii) has ever entered into or communicated regarding any contract, agreement, partnership, licensing arrangement, distribution arrangement, manufacturing arrangement, reseller arrangement, or other business relationship with X-Chair, LLC or Exemplis, LLC; (iv) has ever held itself out to the public as affiliated with X-Chair, LLC or Exemplis, LLC; (v) has ever had any involvement whatsoever in the design, manufacture, testing, inspection, distribution, marketing, sale, warranty, servicing, repair, or support of the subject chair; or (vi) has ever sold any product or provided any service, support, warranty, repair, or consultation to Plaintiff, who has never been a customer of either entity.

F. Plaintiff named the ErgoQuest Defendants in good faith and upon information and belief, as permitted by Rule 11(b)(3) of the Federal Rules of Civil Procedure, based upon publicly available information associating the ErgoQuest trade name with the subject product category. Plaintiff has reviewed the Affidavit and, in reliance upon the representations made therein and upon no other basis, has determined that dismissal of the ErgoQuest Defendants without prejudice is appropriate at this time.

G. By electronic mail dated June 29, 2026, counsel for the ErgoQuest Defendants expressly acknowledged that any dismissal of the ErgoQuest Defendants would be "without prejudice to [Plaintiff's] right to reverse it in the event of any misrepresentation." The parties enter into this Stipulation to give binding and enforceable effect to that acknowledgment.

H. Plaintiff's claims are governed by the two-year limitations period prescribed by NRS 11.190(4)(e), which the parties understand to expire on or about November 23, 2026. Because that period may expire before fact discovery in this action is complete, the parties agree that the tolling and preservation provisions set forth below are a material

and indispensable condition of Plaintiff's agreement to dismiss. Absent those provisions, Plaintiff would not agree to any dismissal of the ErgoQuest Defendants.

I. Nothing in this Stipulation constitutes an admission by any party. Plaintiff does not concede that the naming of the ErgoQuest Defendants was improper, and the ErgoQuest Defendants do not concede any liability, fault, or connection to the subject product.

## II. STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, as follows:**

1. **Dismissal Without Prejudice.** Pursuant to Rules 21 and 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, all claims asserted in this action against Defendants QUESTERGO, INC. (also appearing of record as QuesterGo, Inc.) and RECLINEWORKS, INC. (also appearing of record as ReclinerWorks, Inc.) are dismissed *without prejudice*. See Fed. R. Civ. P. 41(a)(1)(B); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

2. **Express Predicate for Dismissal.** This dismissal is expressly predicated upon, and given in reliance upon, the truth, accuracy, and completeness of each representation contained in the Affidavit. The ErgoQuest Defendants represent and warrant that the Affidavit is true, accurate, and complete in all material respects, and that Mr. Vanden Bosch was duly authorized to execute it on behalf of each of them.

3. **Tolling of Limitations Periods.** All statutes of limitation, statutes of repose, and other time-based limitations governing any claim Plaintiff has asserted or could assert against the ErgoQuest Defendants arising out of the November 23, 2024 incident, including without limitation the period prescribed by NRS 11.190(4)(e), are tolled and shall not run from the date of entry of this Stipulation and Order until sixty (60) days after the later of: (a) the close of fact discovery in this action; or (b) the date on which Plaintiff first obtains actual knowledge of facts materially inconsistent with the Affidavit. The ErgoQuest Defendants waive, and are estopped from asserting, any defense based upon

GGRM LAW FIRM INJURY ATTORNEYS

the statute of limitations, statute of repose, laches, untimeliness, delay, or the passage of time that was not available to them as of the date of entry of this Stipulation and Order.

4. **Relation Back.** The ErgoQuest Defendants stipulate that they received notice of this action such that they will not be prejudiced in defending on the merits, and that any subsequent pleading rejoining either of them as a defendant shall relate back to the date of the original Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. The ErgoQuest Defendants waive any objection to relation back.

5. **Reinstatement Upon Material Inaccuracy.** If, through discovery or otherwise, Plaintiff obtains evidence that any material representation in the Affidavit is inaccurate, incomplete, or misleading, Plaintiff may move to set aside this dismissal and to rejoin either or both of the ErgoQuest Defendants as a party. Unless contrary to the stipulation, the ErgoQuest Defendants shall not oppose any such motion on grounds of timeliness, limitations, repose, relation back, undue delay, waiver, or prejudice arising from the dismissal effected by this Stipulation, and shall not argue that the dismissal itself, or Plaintiff's agreement to it, constitutes an admission, an election of remedies, or a bar to rejoinder. The ErgoQuest Defendants otherwise reserve all defenses on the merits.

6. **Service and Appearance Upon Rejoinder.** In the event of rejoinder, the ErgoQuest Defendants agree to accept service of the operative pleading through Kreis Enderle Hudgins & Borsos, P.C., or such other counsel as they may designate, waive formal re-service under Rule 4 of the Federal Rules of Civil Procedure, and waive any objection under Rule 4(m). The ErgoQuest Defendants do not by this paragraph waive any objection to personal jurisdiction, except that they shall not predicate any such objection upon the dismissal effected by this Stipulation or upon the passage of time occasioned by it.

7. **Preservation of Evidence.** During the pendency of the action, the ErgoQuest Defendants shall preserve, and shall not destroy, alter, delete, or permit the destruction, alteration, or deletion of, all documents, electronically stored information, communications, corporate records, financial records, website content, marketing

materials, and tangible things within their possession, custody, or control that relate to: (a) any actual or alleged relationship, communication, or transaction with X-Chair, LLC, Exemplis, LLC, or any entity marketing X-Chair branded products; (b) the corporate history, formation, ownership, name changes, and assumed names of QuestErgo, ReclineWorks, and their predecessors, including the exhibits referenced in the Affidavit as Exhibits A through I; (c) Plaintiff Jeffrey Brian Hewes; and (d) office or ergonomic seating products employing reclining mechanisms or cast aluminum backrest brackets. This obligation continues until the final resolution of this action, including any appeal.

8. **Production of Affidavit Exhibits and Non-Party Discovery.** Within fourteen (14) days of entry of this Stipulation and Order, the ErgoQuest Defendants shall produce to Plaintiff's counsel legible copies of Exhibits A through I as referenced in and appended to the Affidavit. The ErgoQuest Defendants further agree to accept service of any subpoena issued under Rule 45 of the Federal Rules of Civil Procedure through their counsel and to respond to such subpoena on its merits without objection premised upon their dismissal from this action.

9. **No Effect on Remaining Defendants.** This Stipulation resolves nothing as between Plaintiff and Defendants X-Chair, LLC, Exemplis, LLC, or Does 1 through 10. All claims against those Defendants remain pending, and all of Plaintiff's rights against them are reserved in full, including his right to pursue the identity and role of any subcontractor, contract manufacturer, or third-party design, testing, or component supplier through discovery.

10. **Fees and Costs.** Each party shall bear its own attorney's fees and costs incurred in connection with the claims dismissed by this Stipulation.

11. **Retention of Jurisdiction.** The Court shall retain jurisdiction to enforce the terms of this Stipulation and Order, including the tolling, preservation, and reinstatement provisions set forth above.

12. **Authority, Counterparts, and Construction.** Each signatory represents that he or she is authorized to execute this Stipulation on behalf of the party for whom he or she signs.

This Stipulation may be executed in counterparts and by electronic signature, each of which shall be deemed an original. This Stipulation is the product of negotiation between represented parties and shall not be construed against any party as drafter. Plaintiff's reservation of rights and remedies, at law and in equity, arising from any material misrepresentation in the Affidavit is preserved in full. The parties acknowledge Kreis, Enderle, Hudgins and Borsos, P.C., are not licensed to practice law in Nevada.

**IT IS SO STIPULATED.**

Respectfully Submitted By:

DATED September 18, 2026.

**GGRM LAW FIRM**

By: /s/ *Jason D. Guinasso*
**JASON D. GUINASSO, ESQ.**
Nevada Bar No. 8478
2770 South Maryland Parkway, Suite 100
Las Vegas, Nevada 89109
*Attorney for Plaintiff*

Approved as to Form and Content:

DATED September 18, 2026.

**KREIS, ENDERLE, HUDGINS & BORSOS, P.C.**

By: */s/ Jeff VandenBosch*
**Jeffrey John Vanden Bosch**
**C/O Stephen Hessen, Esq.**
**Elliott J. R. Church, Esq.**
333 Bridge Street NW, Suite 900
Grand Rapids, Michigan 49504
*Founder, Sole Owner, and President QuestErgo, Inc. and ReclineWorks, Inc.*

Approved as to Form and Content:
DATED September 18, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: /s/ *David Martin*
**DAVID J. MARTIN, ESQ.**
Nevada Bar No. 9117
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
*Attorneys for Defendant Exemplis, LLC*

GGRM LAW FIRM INJURY ATTORNEYS

GGRM LAW FIRM INJURY ATTORNEYS

**ORDER**

Based upon the foregoing Stipulation of the parties [ECF No. 11], and good cause appearing therefor,

**IT IS HEREBY ORDERED** that **all claims asserted in this action against Defendants QUESTERGO, INC. and RECLINEWORKS, INC. are DISMISSED** WITHOUT PREJUDICE, each party to bear its own fees and costs.

**IT IS FURTHER ORDERED** that the tolling, relation-back, reinstatement, evidence-preservation, and discovery-cooperation provisions set forth in Paragraphs 3 through 8 of the Stipulation are approved and binding upon the parties thereto, and that the Court retains jurisdiction to enforce them.

**UNITED STATES DISTRICT JUDGE**
10-6-26

Respectfully Submitted By:

DATED October 1, 2026.

**GGRM LAW FIRM**

By: /s/ *Jason D. Guinasso*
**JASON D. GUINASSO, ESQ.**
Nevada Bar No. 8478
2770 South Maryland Parkway, Suite 100
Las Vegas, Nevada 89109
*Attorney for Plaintiff*

**Jason Guinasso**

Elliott J. R. Church <echurch@KreisEnderle.com>

David Martin <dmartin@grsm.com>;Daniel Gonzales <dgonzales@ranallilawyers.com>;JeffreyBrianHewesZ12850240@ggrm.filevineapp.com;

To be safe, I am going to affix your client's electronic signature. I don't want the court to get upset about a non-admitted attorney signing SAO. I have never had this situation before, so I will err on the side of caution.

On Sep 18, 2026, at 9:16 AM, Elliott J. R. Church <echurch@kreisenderle.com> wrote:

Thank you, Jason and David.

Jason, in case it's helpful, I believe the date of service as to ErgoQuest was June 5, 2026.

If permissible, feel free to affix my electronic signature (/Elliott Church/) to the dismissal. However, if that's not permitted due to my not being licensed in Nevada, my client consents to your affixing his electronic signature (/Jeff VandenBosch/), as you suggested.

Thanks again,

Elliott

616-848-5188

---

**From:** David Martin <dmartin@grsm.com>
**Sent:** Friday, September 18, 2026 12:03 PM
**To:** Jason Guinasso <jguinasso@ggrmlawfirm.com>; Elliott J. R. Church <echurch@KreisEnderle.com>
**Cc:** Daniel Gonzales <dgonzales@ranallilawyers.com>;

JeffreyBrianHewesZ12850240@ggrm.filevineapp.com
<JeffreyBrianHewesZ12850240@ggrm.filevineapp.com>; Stephen Hessen
<SHessen@KreisEnderle.com>; Elizabeth Vale <evale@ggrmlawfirm.com>; Gabrielle Yurek
<gyurek@ggrmlawfirm.com>
**Subject:** Re: Hewes v. X-Chair, LLC, et al., Case No. 2:26-cv-01620-JAD-BNW | Stipulation and Order Dismissing QuestErgo, Inc. and ReclineWorks, Inc.

There is an edit on 1.C to insert service date.

Ok to affix my signature

---

**From:** Jason Guinasso <jguinasso@ggrmlawfirm.com>
**Sent:** Thursday, 17 September 2026 13:16:28
**To:** Elliott J. R. Church <echurch@KreisEnderle.com>; David Martin <dmartin@grsm.com>
**Cc:** Daniel Gonzales <dgonzales@ranallilawyers.com>;
JeffreyBrianHewesZ12850240@ggrm.filevineapp.com
<JeffreyBrianHewesZ12850240@ggrm.filevineapp.com>; Stephen Hessen
<SHessen@KreisEnderle.com>; Elizabeth Vale <evale@ggrmlawfirm.com>; Gabrielle Yurek
<gyurek@ggrmlawfirm.com>
**Subject:** Re: Hewes v. X-Chair, LLC, et al., Case No. 2:26-cv-01620-JAD-BNW | Stipulation and Order Dismissing QuestErgo, Inc. and ReclineWorks, Inc.

Elliot and David -

I apologize for the delay in revising this SAO per your edits and returning it to you for signature.  Please see final SA attached.

Elliot, does your client consent to me affixing his electronic signature?

David, may we affix your electronic signature?